UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Joan Salisbury</u>

    v.                                      Civil No. 14-cv-260-JD
                                             Opinion No. 2014 DNH 248
<u>Home Depot, U.S.A., Inc.</u>[1]


O R D E R

Joan Salisbury, proceeding pro se, brought suit in state court against her former employer, Home Depot, U.S.A., Inc., alleging that she was sexually harassed while working at Home Depot, that she lost her job, and that she was wrongfully arrested for trespassing.  Home Depot removed the case to this court and moved to dismiss Salisbury's claims.  Salisbury was granted extensions of time to allow her to find representation and to respond to the motion to dismiss.  As the last deadline has passed, the motion is resolved as follows.


<u>Standard of Review</u>

In considering a motion to dismiss, the court must "accept the well-pleaded factual allegations in the complaint and draw all reasonable inferences therefrom in [the plaintiff's] favor." <u>Van Wagner Boston, LLC v. Davey</u>, 770 F.3d 33, 2014 WL 5326518, at *6 (1st Cir. Oct. 20, 2014).  The court then determines "whether the complaint 'state[s] a claim to relief that is plausible on

---

[1] Joan Salisbury brought suit against "The Home Depot."  Home Depot represents, and Salisbury does not dispute, that "Home Depot, U.S.A., Inc." is its correct name.

its face.'"  Debnam v. FedEx Home Delivery, 766 F.3d 93, 96 (1st Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Legal conclusions and mere statements of the elements of a cause of action are not factual allegations and are not credited.  Medina-Velazquez v. Hernandez-Gregorat, 767 F.3d 103, 109-110 (1st Cir. 2014).

## Background

After her employment was terminated by Home Depot in April of 2011, Salisbury filed a charge of discrimination with the New Hampshire Commission for Human Rights, stating that she was terminated in retaliation for complaining about sexual harassment by a fellow employee.  Her charge was investigated by the Commission.  The investigation report, dated June 19, 2012, concluded that there was no evidence to support Salisbury's report of an incident of sexual harassment in 2009 and insufficient evidence to support her other allegations.  The report also stated:  "Further the Complainant's credibility on all of the issues is undermined by the fact that the Complainant reported to the Commission and signed and verified a charge form stating that she was told she was terminated for retaliating against the Respondent when the record clearly shows that she was terminated for taking retaliatory action . . . toward another employee."  Doc. no. 5-3 at 3.

Joni Esperian, Executive Director of the Commission, sent Salisbury a letter dated July 2, 2012.  Esperian stated that the

investigating commissioner had found no probable cause to support Salisbury's charge and that the Commission would close its file on her charge.  The letter informed Salisbury about appealing the finding and about requesting review from the EEOC.

Salisbury, proceeding pro se, filed a complaint in state court on May 12, 2014.  The complaint is a form provided by the New Hampshire state court system.  On line 3, the form asks the plaintiff to state the "first thing that happened," which is to be provided in one sentence.  Salisbury responded: "physically/sexually groped."  Line 4 asks for the second thing that happened, and Salisbury stated:  "verbally harassed w/ sexual comments."  On line 5, as the third thing that happened, Salisbury wrote:  "Sexually harassed/Lost my job & was wrongfully arrested for trespassing.  I did not trespass."  Salisbury then stated that she wanted "Justice & closure" and that she was seeking "monetary compensation."

## Discussion

Home Depot moved to dismiss the complaint on the grounds that Salisbury's discrimination claims are time barred and that all of her claims lack sufficient factual allegations to state a claim.  In response, Salisbury filed a statement that she objected to the motion to dismiss and also filed a motion for a two month extension to allow her time to obtain counsel.  Home Depot did not respond to Salisbury's motion.  The court granted

3

Salisbury's motion, but before that time expired, Salisbury again moved for time to find counsel, and again Home Depot did not respond. The court allowed Salisbury additional time to find counsel, but that time has now expired, and Salisbury has not filed any additional response to Home Depot's motion to dismiss.

A. Timeliness of Discrimination Claims

For purposes of the motion to dismiss, Home Depot interprets the complaint to bring employment discrimination claims under New Hampshire's Law Against Discrimination, RSA 354-A. Home Depot notes the three-year limitation period for those claims. See RSA 354-A:21-a. Because Salisbury's employment was terminated on April 29, 2011, and her complaint was filed more than three years later, Home Depot contends that Salisbury's claims under RSA 354-A are untimely.

Although the complaint does not state the legal basis for Salisbury's discrimination claim, the Charge of Discrimination that Salisbury filed with the New Hampshire Commission for Human Rights states that she is bringing her claims under RSA 354-A. Any claims under RSA 354-A are barred by the three-year limitations period provided by RSA 354-A:21-a, I. Therefore, those claims are dismissed.

The letter to Salisbury from the Commission, notifying her that her complaint was dismissed, states that her charge "was filed under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act and/or the Americans with

4

Disabilities Act."[2]  Home Depot did not move to dismiss federal claims on the grounds that they are time barred.  Therefore, to the extent Salisbury may have intended to bring claims of sexual harassment and retaliation under Title VII, those claims are not dismissed as time barred.[3]

B. Sufficiency of Claims

Home Depot also moves to dismiss all of Salisbury's claims on the ground that she has not pleaded facts to support her claims.[4]  Home Depot interprets Salisbury's complaint to allege employment discrimination claims under RSA 354-A and a false arrest claim.  Salisbury does not dispute that interpretation of her complaint.

---

[2] There is no suggestion in the complaint that Salisbury claimed discrimination based on age or disability.

[3] To avoid confusion, however, to the extent Salisbury intended to allege a claim under Title VII, to be timely that claim would have to have been filed within ninety days after she received a right to sue letter.  See, e.g., Taal v. Hannaford Bros., Co., 211 F. App'x 4, 4-5 (1st Cir. 2006).  The letter from the Commission is dated July 2, 2012, and Salisbury did not file suit until May 12, 2014.  Therefore, any Title VII claim also appears to be untimely.

[4] Again, Home Depot did not address any claim under Title VII.  Because the New Hampshire Supreme Court relies on cases developed under Title VII to interpret claims under RSA 354-A, the same standards apply to both claims, which may be considered together.  See Madeja v. MPB Corp., 149 N.H. 371, 378 (2003); see also Dennis v. Osram Sylvania, Inc., 549 F.3d 851, 856-57 (1st Cir. 2008); Taylor v. eCoast Sales Solutions, Ltd., --- F. Supp. 2d ---, 2014 WL 3844794, at *5 (D.N.H. Aug. 5, 2014).  Therefore, the claims generally are assessed together.  Hubbard v. Tyco Integrated Cable Sys., Inc., 985 F. Supp. 2d 207, 218 (D.N.H. 2013).

1.  Discrimination

Title VII prohibits discrimination in the work place based on sex, which includes a sexually hostile or abusive work environment.  Billings v. Town of Grafton, 515 F.3d 39, 47 (1st Cir. 2008).  To be actionable, however, "'a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'"  Id. (quoting Farragher v. City of Boca Raton, 524 U.S. 775, 787 (1998)).  In determining whether an environment is objectively offensive, the court considers, among other things, the frequency of harassment, the severity of the conduct, whether the conduct was physically threatening or humiliating, and whether the conduct interfered with the plaintiff's ability to work.  Billings, 515 F.3d at 48.

Salisbury provides few facts to support her discrimination claims.[5]  She say that she was "physically/sexually groped" and that she was "verbally harassed w/ sexual comments."  Salisbury provides no further information about when or how often those things happened and she does not identify the perpetrator or perpetrators.  Salisbury also says that she lost her job, but she does not allege that her termination is related to her

---

[5]Despite the extra time she was given to respond to the motion to dismiss, Salisbury did not file an amended complaint or file a substantive objection to the motion.

6

allegations of sexual harassment.[6] In the absence of factual detail about what happened, Salisbury has not provided a factual basis for a plausible claim of sexual harassment.

2. False Arrest

Salisbury alleges that she was "wrongfully arrested for trespassing" and asserts that she did not trespass. Home Depot moves to dismiss the claim on the ground that Salisbury has not alleged facts to support a viable claim.

The Fourth Amendment protects against unreasonable seizures. U.S. Const. amend. IV. "The constitutionality of a warrantless arrest 'depends . . . upon whether, at the moment the arrest was made, the officer [] had probable cause to make it.'" Logue v. Dore, 103 F.3d 1040, 1044 (1st Cir. 1997) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)); see also Holder v. Town of Sandown, 585 F.3d 500, 505 (1st Cir. 2009). Similarly, the state tort claim of false arrest requires proof that the plaintiff was arrested without probable cause. Hickox v. J.B. Morin Agency, Inc., 110 N.H. 438, 442 (1970); see also Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995).

---

[6] "[T]o establish a prima facie case of retaliation under either Title VII or [RSA] 354-A, the plaintiff must show that (1) she engaged in a statutorily-protected activity; (2) she suffered an adverse employment action; and (3) the protected activity and the adverse employment action were causally connected." Dennis, 549 F.3d at 856-57 (internal quotation marks omitted). Salisbury's allegation that she lost her job does not make out a prima facie claim of retaliation.

Salisbury provides no facts about the circumstances of her arrest. She does not allege when or where she was arrested or by whom she was arrested. Without the necessary information about the circumstances of her arrest, Salisbury has not alleged facts to show that she was arrested without probable cause or that Home Depot was responsible for her arrest.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 5) is granted. The claims in the complaint are dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 1, 2014

cc:  Joan Salisbury, pro se
     M. Amy Carlin, Esq.
     Jeffrey S. Siegel, Esq.